## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DAVID E. CALLAHAN,** | ) | |
| | ) | |
| **Plaintiff ,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-05-1261-F** |
| | ) | |
| **CCA/DAVIS CORRECTIONAL** | ) | |
| **FACILITY, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), and the Rehabilitation Act, alleging various violations of his constitutional rights.  Pursuant to an order by United States District Judge Stephen P. Friot, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Defendants Ray, Miller, and Heath (DCF Defendants) have filed a motion to dismiss, and Defendants Oklahoma Department of Corrections and Dennis Cotner (DOC Defendants), have filed a motion to dismiss/motion for summary judgment.  Plaintiff has responded to both motions, and has also filed a"Motion Requestioning to Amend Complaint."  For the following reasons, the undersigned recommends that the Defendants' motions be granted and that this action be dismissed for Plaintiff's failure to show exhaustion of his administrative remedies.

Plaintiff is currently incarcerated at the Great Plains Correctional Facility, but at all times pertinent to the claims brought herein was housed at either the Lawton Correctional Facility (LCF) or the Davis Correctional Facility (DCF).  Complaint, p. 2-3;

DOC Motion, p. 1-2.  In Count I, Plaintiff claims that Defendants[1] refused him use of a wheelchair in violation of his Eighth Amendment rights.  Complaint, p. 3.  In Count II, he contends that Defendants, although aware of his excruciating neck pain and daily headaches, denied him thorough and timely testing and denied his doctor access to test results in violation of the Eighth Amendment.  Complaint, p. 3.  In Count III, Plaintiff claims that Defendants retaliated against him by placing him on grievance restriction disallowing him the right to pursue his medical grievances in violation of the Rehabilitation Act and the Americans with Disabilities Act (ADA).  Complaint , p. 4.

The DCF Defendants move the Court to dismiss the complaint on grounds that Plaintiff has failed to show exhaustion of administrative remedies, on grounds that Plaintiff has in fact not exhausted his remedies, and on grounds that the applicable statute of limitations has run.  The DOC Defendants also move for dismissal and/or summary judgment on exhaustion and statute of limitations grounds, but also on the following grounds: Eleventh Amendment immunity; Plaintiff's failure to show an affirmative link between Defendant Cotner and any unconstitutional act; Plaintiff's failure to show that Defendant Cotner retaliated against him for exercising his constitutional rights; Plaintiff's failure to show that Defendant Cotner was deliberately indifferent to his constitutional rights; and finally, qualified immunity.  The undersigned agrees that Plaintiff has failed to show that he has exhausted his administrative remedies, and so recommends that this action be dismissed without prejudice.

---

[1]Although Plaintiff only refers to Defendants Heath and Miller in Counts I and II, and to Defendants DCF, ODOC and Cotner in Count III, he attaches an "Initial Complaint" to the complaint in which he makes a series of general allegations which, as a practical matter, include all Defendants in each count.

## I. THE EXHAUSTION REQUIREMENT

It is Plaintiff's burden to show that he has exhausted his administrative remedies as required by the Prison Litigation Reform Act (PLRA). Steele v. Federal Bureau of Prisons, 355 F.3d 1204, 1207-09 (10th Cir. 2003), cert. denied 543 U.S. 925 (2004) (construing 42 U.S.C. § 1997e(a)). In Steele, the Tenth Circuit Court of Appeals held that exhaustion of administrative remedies is an essential allegation of a prisoner's claim, as "it is the prisoner who can best assert the relationship between his administrative grievance and court filing." Id. at 1210.  Accordingly, a "prisoner must: (1) plead his claims with 'a short and plain statement ... showing that [he] is entitled to relief,' in compliance with Fed.R.Civ.P. 8(a)(2), and (2) 'attach[ ] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.'" Id. (citations omitted).  Furthermore, "a complaint 'that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.'" Id. (quoting Rivera v. Allin, 144 F.3d 719, 731 (11th Cir.1998)).

Further strengthening the exhaustion requirement, the Tenth Circuit has adopted both the concepts of procedural default and total exhaustion in connection with § 1997e(a). First, with regard to the concept of procedural default, the Court has stated that "[r]egardless of whether a prisoner goes through the formality of submitting a time-barred grievance, he 'may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them.'" Ross v. County of Bernalillo, 365 F.3d 1181, 1186 (10th Cir. 2004) (citations omitted).  Second, the Court has held that an action

3

containing both exhausted and unexhausted claims is subject to dismissal: "We agree that the PLRA contains a total exhaustion requirement, and hold that the presence of unexhausted claims in [the plaintiff's] complaint required the district court to dismiss his action in its entirety without prejudice." Id. at 1189; Wilson v. Ward, No. 04-6123, 2005 WL 256575, at **1 (10th Cir. Feb. 3, 2005)[2] (citing Ross, Graves v. Norris, 218 F.3d 884, 885 (8th Cir.2000) ("When multiple prison condition claims have been joined ..., § 1997e(a) requires that all available prison grievance remedies must be exhausted as to all of the claims.") and United States v. Mubarak, 315 F.Supp.2d 1057, 1060 (S.D. Cal. 2004) (examining the language of 42 U.S.C. § 1997e(a) and determining that "[u]se of the term 'action' instead of 'claim' evidences an intent to disallow mixed complaints")). However, the Tenth Circuit has recognized that if prison officials prevent a prisoner from proceeding with exhaustion of administrative remedies, prison officials render that remedy unavailable such that a court will deem the procedure exhausted. Baughman v. Harless, No. 04-6256, 2005 WL 1806442, at *4 (10th Cir.  Aug.  2, 2005).

## II.  THE DEFENDANTS' MOTIONS

Both the DCF Defendants and the DOC Defendants have moved the Court to dismiss Plaintiff's action for his failure to exhaust his administrative remedies.  The DCF Defendants have provided, in accordance with Steele, administrative documents supported by a declaration supporting their claim that Plaintiff has failed to exhaust his administrative remedies.  Steele, 355 F.3d at 1212.  These show that Plaintiff was housed at DCF from January 16, 2002, until November 2, 2003, and that he had been placed on

---

[2]This and any other unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

a twelve-month "grievance restriction" on December 21, 2001, while incarcerated at the Lawton Correctional Facility.  Motion of DCF Defendants, Ex. C ¶ 3, 7 (Affidavit of Rhonda Smith-Robinson, DCF Grievance Coordinator); Ex. D (Affidavit of Mike Murray, DOC Nurse Manager, ¶ 3).  The DOC grievance policy attached to the motion to dismiss and also provided as part of the special report filed herein shows that an inmate on grievance restriction is still able to file grievances; he simply must comply with a special procedure in order to do so.  Motion of DCF Defendants, p. 6; Ex. B; Ex. D, ¶ 4; Special Report, Exs. 1-2.  The affidavit of Ms. Smith-Robinson shows that Plaintiff filed no grievances while housed at DCF. Motion of DCF Defendants, Ex. C, ¶ 8.  The affidavit of Mr. Murray shows that for the period from January 16, 2002 through December 20, 2002 – the period of grievance restriction – Plaintiff had access to the administrative remedy process, and that no medical grievance appeals were received while Plaintiff was incarcerated at DCF, between January 16, 2002 and November 4, 2003.  Id. at Ex. D, ¶ 2, 5.  The DOC Defendants have also referred the Court to the special report, noting that Plaintiff failed to file any grievance appeal from January 2002 to January 24, 2006, or any medical grievance appeal from January 16, 2002 to January 16, 2004. Special Report, Att. 2 (Affidavit of Lavonna Bartling, Administrative Programs Officer); Att. 8 (Affidavit of Mike Murray, Nurse Manager).  Thus, they conclude, Plaintiff did not exhaust his administrative remedies with regard to any of the claims herein in accordance with the applicable DOC grievance policy. DOC Motion, p. 3.

Plaintiff states in his response to the motion that he is amending his action "to drop all charges, but the denial of the wheelchair, which caused continued pain and

suffering to Plaintiff's, neck, left arm, lowerback, left hip/leg & wrist!" Response to DCF Motion, p, 7, 13, 15; Response to DOC Motion, p. 7, 13, 15. In response to the motions of both the DCF and the DOC Defendants, Plaintiff makes a vague allegation that "Defendants intentionally tried and accompolished LCF's/ DCF's., goal of preventing Plaintiff from exhausting his administrative remedies."  Response to Motion of DCF Defendants, p. 6; Response to DOC Motion, p. 6. Plaintiff claims that he "filed one grievance at the CCA/Davis facility, it was never returned!  When he did not receive his grievance or their reply, he again wrote Mr. Crow and Mr. Cotner alerting them to this violation." Id.  According to the special report filed herein, Plaintiff wrote two letters to Scott Crow, Deputy Director , Security and Investigations; one was received in January 2002, and the other in February 2004.  Special Report, Administrative Investigation, p. 1-2.  In both cases, the letter was forwarded to medical services, and Defendant Cotner responded, informing Plaintiff that he must submit his grievance in accordance with the grievance policy; he was specifically advised in response to his January 2002 letter that he had not met the requirements imposed upon inmates who are on grievance restriction, and that a letter could not be used to address concerns.  Special Report, Att. 3, p. 1.  The second letter appears to be Plaintiff's threat to sue certain defendants; nevertheless, Defendant Cotner again responded, informing Plaintiff that a letter should not be used to address concerns – he also enclosed a "Request for Medical Services" form for Plaintiff's use. Special Report, Att. 4.  Plaintiff also claims that he "now attempted to gain access to the wheelchair between October 31, 2003, November 2, 2003, but no reply came!" Response to DCF Motion, p. 6.  Plaintiff provides absolutely no information as

to the attempt referred to, however.  Plaintiff also claims in various places in his response that the DCF Defendants refused to answer all grievances, and that although he sought to exhaust his remedies, he was prevented from doing so.  He refers the Court to exhibits in a related case in this district, <u>Callahan v. Poppell</u>, No. 5:03-CV-00551-SPF, United States District Court, Western District of Oklahoma, which he claims support his allegation that he was attempting to exhaust his remedies.[3] However, that case deals with the time when Plaintiff was housed at LCF. Plaintiff also claims that a previous grievance at LCF in April of 2001 serves to exhaust his claim regarding the later denial of a wheelchair at DCF, and that "he is not required to repeat the same filing!"  <u>Id.</u> at 6-7.

A review of the materials provided with the special report by the DCF Defendants and by Plaintiff, convince the undersigned that Plaintiff's claims herein remain unexhausted. Plaintiff provides no documentation, testimony or evidence of any kind that he took the steps necessary to exhaust his administrative remedies. Instead, he simply states, without support, that prison staff refused to answer his requests to staff and grievances. Ironically, Plaintiff has attached several administrative materials (not material to the issues in this case) showing that he was able to raise issues with staff, including requests for medical care, and that he received responses from them. <u>See</u> Response to DCF Motion, Exs. 52, 54A, 151, 154, 157, 158, 159, 169, 183.  Plaintiff has

---

[3]In that case, summary judgment was granted against Plaintiff on his claim that LCF's denial of a wheelchair during his incarceration at that facility denied his rights under the Eighth Amendment. Defendant Cotner was also a defendant in that case, and summary judgment was granted in his favor based on Magistrate Judge Bacharach's finding that Plaintiff "unquestionably obtained medical attention for his ailments, and his complaints about the lack of a wheelchair do not suggest deliberate indifference to his condition." <u>Callahan v. Poppell</u>, No. 5:03-CV-00551-SPF, Report and Recommendation, p. 10 (W.D. Okla. Jan. 31, 2006)(Bacharach, M.J.), <u>adopted</u>, Feb. 24, 2006 (Friot, J.) <u>appeal pending</u>, Case No. 06-6090 (10th Cir.  Mar. 1, 2006).

failed to come forward with a showing that he filed any grievance regarding the claims he raises herein, much less that he concluded the steps necessary to complete the process. At most, he attempted to raise issues by a letter and was specifically informed of the applicable policy (including that which applied during the time he was under grievance restriction). The only complete grievance materials provided by Plaintiff have been his grievance materials regarding the denial of a wheelchair at LCF. However, the previous grievance submitted by Plaintiff regarding denial of a wheelchair while at the LCF facility, <u>see</u> Response to DCF Motion Ex. 3A-G, would not put the reasonable reader on notice that Plaintiff was grieving the lack of a wheelchair *at DCF*.

One of the main purposes of exhaustion is to give prison officials the first opportunity to address the prisoner's complaint – thereby potentially eliminating the need for litigation – and to create an administrative record that facilitates review of the prisoner's claim if litigation is ultimately pursued. <u>Ross</u>, 365 F.3d at 1184. Neither has occurred in this case with regard to any of Plaintiff's claims, including that regarding lack of a wheelchair at DCF. <u>See</u> <u>Smith v. Rudicel</u>, No. 04-3462, 2005 WL 375861, at **2 (10th Cir.  Feb. 17, 2005), <u>cert.</u> <u>denied</u> 126 S.Ct. 52 (2005) ("It would therefore be inappropriate to allow a plaintiff to bring new claims at this stage, even where similar claims have been fully exhausted."); <u>Palozie v. Pugh</u>,  No. 04-1313, 2004 WL 2931372, at **2 (10th Cir. Dec. 20, 2004) (no exhaustion where documents do not necessarily match with specificity the claims raised in plaintiff's complaint). The presence of even

one unexhausted claim makes the action subject to dismissal in its entirety.[4]  Ross, 365

F.3d at 1189;  Wilson v. Ward, No. 04-6123, 2005 WL 256575, at **1 (10th Cir. Feb. 3,

2005) (citing Ross, Graves v. Norris, 218 F.3d 884, 885 (8th Cir.2000)

## III.  PLAINTIFF'S MOTION TO AMEND

In support of his request to amend, Plaintiff states that each "charge shall be

confirmed or dropped from this lawsuit," and that it is his intention "to prove he

exhausted those arguments, which shall be retained in amended complaint."  Motion to

Amend, p. 1.  He adds that the "evidence I now have shall indeed meet the requirements

of complete exhaustion."  Id.  He also states that "new medical documents are to be

added." Id.  Plaintiff's motion was filed after the motions to dismiss of the DCF and DOC

Defendants, but before Plaintiff's response to those motions was filed.  In his responses

to the motions, Plaintiff indicates that he is amending his action "to drop all charges, but

the denial of the wheelchair, which caused continued pain and suffering to Plaintiff's,

neck, left arm, lowerback, left hip/leg & wrist!" Response to DCF Motion, p, 7, 13, 15;

Response to DOC Motion, p. 7, 13, 15.

DCF Defendants oppose the motion to amend, claiming that under the Prison

Litigation Reform Act, a unique procedure has been established in which the Court is

required to initially screen or evaluate whether a prisoner has stated a claim upon which

relief can be granted.  Response of DCF Defendants, p.2-3 (citing 42 U.S.C. § 1997e(a)).

In support, they rely upon a Sixth Circuit Court of Appeals' decision which holds that

---

[4]The plain language of § 1997e(a) requires prisoner actions under "any" federal law to meet the
exhaustion requirement, including claims under the ADA. Jones v. Smith, No. 04-6116, 109 Fed.Appx. 304,
307 (10th Cir. Sept. 13, 2004).

"a prisoner may not amend his complaint to cure the failure to plead the exhaustion of administrative remedies, if his action is covered by the PLRA."   Response of DCF Defendants, p. 3 (citing <u>Baxter v. Rose</u>, 305 F.3d 486, 488 (6th Cir. 2002)). The DCF Defendants further state that the <u>Baxter</u> case was cited by the Tenth Circuit Court of Appeals in <u>Steele v. Federal Bureau of Prisons</u>, 355 F.3d 1204, 1210 (10th Cir. 2003).

The DOC Defendants claim that Plaintiff has failed to demonstrate that he has exhausted his available administrative remedies, that the amendment Plaintiff now seeks would be futile, and that leave of court may be denied in that situation. <u>Id.</u> at 2 (citing <u>Bauchman for Bauchman v. West High School</u>, 132 F.3d 542, 562 (10th Cir. 1997)).

Under Fed.R.Civ.P 15(a), a plaintiff has a right to amend his complaint once as a matter of course at any time before a responsive pleading is served.  Although DCF Defendants have filed a motion to dismiss, and DOC Defendants have filed a motion to dismiss/motion for summary judgment, these are not responsive pleadings that cut off a plaintiff's right to amend without leave of court. <u>Brever v. Rockwell Int'l Corp.</u>, 40 F.3d 1119, 1131 (10th Cir.1994) ("Because defendants' motions to dismiss or for summary judgment were not responsive pleadings, [plaintiff] could have amended her complaint prior to dismissal without requesting or receiving leave of the court."). Nevertheless, the DCF Defendants rely on the rule developed in the Sixth Circuit Court of Appeals providing that a prisoner may not amend his complaint to cure deficiencies in pleading exhaustion, at least so as to avoid the sua sponte dismissal of a complaint for failure to adequately allege exhaustion:

> As we held in <u>McGore</u>, a plaintiff in a case covered by the PLRA may not amend his complaint to avoid a sua sponte dismissal. A plaintiff who fails

to allege exhaustion of administrative remedies through "particularized averments" does not state a claim on which relief may be granted, and his complaint must be dismissed sua sponte. <u>Knuckles El</u>, 215 F.3d at 642; <u>Brown</u>, 139 F.3d at 1104. Our rule in <u>McGore</u> requires that a plaintiff, who fails to make a sufficient allegation of exhaustion in their initial complaint, also not be allowed to amend his complaint to cure the defect. If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run.

<u>Baxter v. Rose</u>,  305 F.3d 486, 489 (6th Cir. 2002) (footnote omitted).  In a footnote, the

<u>Baxter</u> Court acknowledged the tension between the rule it had announced and

Fed.R.Civ.P. 15(a):

> There is arguably a tension between our rule against amendment in PLRA cases and Federal Rule of Civil Procedure 15(a). See Fed.R.Civ.P. 15(a) (providing that courts shall give leave to amend a complaint "freely ⋯ when justice so requires"). Our holding in <u>McGore</u> unambiguously resolved this tension in favor of preserving an efficient judicial screening system under the PLRA and barring amendment of complaints subject to sua sponte dismissal.

<u>Id.</u> at 489 n. 3. The Tenth Circuit Court of Appeals cited <u>Baxter</u> for the general

proposition that the rule requiring prisoners to plead exhaustion with specificity takes

its authority from the Prison Litigation Reform Act's screening provision:

> Here, however, the need to plead exhaustion with specificity "does not take its authority from the Federal Rules of Civil Procedure, but from the Prison Litigation Reform Act." <u>Baxter v. Rose</u>, 305 F.3d 486, 490 (6th Cir.2002). We agree with the Sixth Circuit that-- [t]he PLRA established an unique procedure under which the court, not the parties, is required to evaluate whether a claim on which relief may be granted is stated. Unlike in typical civil litigation, courts discharging their screening duties under the PLRA must not wait until the complementary rules of civil procedure, such as civil discovery or responsive motions, are implemented by the defendant. While the Federal Rules of Civil Procedure shift the burden of obtaining clarity to the defendant, the PLRA shifts that burden to the courts. <u>Id.</u> Requiring prisoners to provide courts with information on prison grievance proceedings "effectuates the PLRA's screening requirement. Courts would

be unable to screen cases effectively if plaintiffs were able, through ambiguous pleading, to avoid dismissal of claims on which relief could not be granted."

Steele v. Federal Bureau of Prisons,  355 F.3d 1204, 1211 (10th Cir. 2003).  The Tenth

Circuit has approved the sua sponte dismissal of a prisoner's civil rights complaint even

in the face of a motion to amend under statutes other than the PLRA.  McKinney v.

Oklahoma Dep't of Human Servs., 925 F.2d 363, 365 (10th Cir.1991) ( a district court may

always dismiss a claim sua sponte under Rule 12(b)(6) "when it is patently obvious that

the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to

amend his complaint would be futile"); Peltier v. Federal Bureau of Prisons, No. 98-3319,

1999 WL 546011 (10th Cir. July 15, 1999) (district court properly dismissed complaint

sua sponte without permitting plaintiff to amend whether under Fed.R.Civ.P. 12(b)(6),

28 U.S.C. § 1915(e)(2)(B)(ii), or 28 U.S.C. § 1915A(b)(1)).

Although Baxter dealt with sua sponte dismissals, the rule has been applied in

cases in which a motion to dismiss for failure to exhaust has been filed.  In Torres v.

Corrections Corp. of America, 372 F.Supp.2d 1258 (N.D.Okla. 2005), the plaintiff who

was allegedly assaulted and battered by a prison guard brought a § 1983 action against

the corporate administrator of the prison, and the administrator moved to dismiss for

failure to state a claim on grounds that the complaint failed to comply with the PLRA

exhaustion requirement.  Id. at 1260.  In response, plaintiff admitted his failure to plead

exhaustion, but sought to file an amended complaint to cure the exhaustion pleading

defects.  Id.  The defendants objected, arguing that the Court should not allow the

proposed amendment because if allowed, the complaint would still fail to comply with

the PLRA.  Id.  The Court found that because the proposed amended complaint did not provide written documentation to show exhaustion of administrative remedies, or describe with specificity any administrative proceeding and its outcome, it was facially deficient under the PLRA.  Thus, it found that amendment would be futile, and granted the motions to dismiss.  Id. at 1264.  The Court also found that because the plaintiff had not in fact exhausted his remedies, that the defendants' motion to dismiss should be granted.  Id.  Thus, despite the fact that the plaintiff had not previously amended his complaint, and no responsive pleading had been filed, the Torres Court applied the reasoning in Booth v. Churner, 532 U.S. 731, 740 (2001) and Porter v. Nussle, 534 U.S. 516, 529 (2002), as interpreted in Steele, to give effect to the PLRA' s exhaustion requirement.

In a non-PLRA case, the Tenth Circuit has also affirmed the denial of a motion to amend as futile.  Bauchman for Bauchman v. West High School, 132 F.3d 542 (10th Cir. 1997).  In that case, no responsive pleadings had been filed, and plaintiff had not previously amended.[5]  Nonetheless, the Tenth Circuit agreed with the district court that there was no material difference between the original and the proposed amended complaint, and that because the district court did not err in dismissing the original complaint, "we necessarily conclude the district court did not abuse its discretion by denying [plaintiff's] motion to amend."  Bauchman for Bauchman, 132 F.3d at 559.

In this case, it is clear that the amendment proposed by Plaintiff would be futile. His proposal to add evidence that he meets the requirements of complete exhaustion has

---

[5]Plaintiff had filed a supplemental pleading to incorporate an incident occurring after the original complaint had been filed. 132 F.3d at 547;  See Fed.R.Civ.P. 15(d).

simply not materialized as Plaintiff has responded to the motions to dismiss, and no "new medical documents" pertaining to exhaustion have been revealed despite Plaintiff's obligation to come forward with them in the context of the motion to dismiss. Finally, Plaintiff's indication that he is amending his action "to drop all charges, but the denial of the wheelchair" is also unavailing, as that claim is clearly unexhausted. Plaintiff has come forward with nothing in his motion to amend that should prevent application of the PLRA's exhaustion requirement and the concomitant granting of the Defendants' motions to dismiss. Accordingly, it is recommended that the motion to amend be denied.[6]

## RECOMMENDATION

For the reasons set forth above, it is recommended that the motion to dismiss of Defendants Ray, Miller, and Heath [Doc. No. 16] and the motion to dismiss/motion for summary judgment of Defendants Oklahoma Department of Corrections and Defendant Cotner [Doc. No. 19] be granted, and that Plaintiff's complaint be dismissed without prejudice for failure to show exhaustion of administrative remedies. It is further recommended that Plaintiff's motion to amend [Doc. No. 22] and motion for appointment of counsel [Doc. No. 22] be denied. In light of this recommendation, the motion for extension of time to file answer out of time of Defendant Gumerlock [Doc. No. 48] is moot

---

[6]The Court also notes that Plaintiff has improperly named Defendant Cotner in his official capacity and the Oklahoma Department of Corrections in his claim for damages under § 1983, both of whom have immunity under the Eleventh Amendment.

and is therefore denied.[7]  The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by August 28, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 8th day of August, 2006.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE

---

[7]Plaintiff has filed various and sundry motions for extension of time [Doc. Nos. 31, 42, 43, 44] all of which are hereby granted, and the material contained therein has been considered in reaching this recommendation.